Filed 7/30/14  In re Daniel C. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049681 |
| v. | (Super. Ct. No. DL035730) |
| DANIEL C., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Daniel C. on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court counsel found no issues to argue on his behalf. Daniel was given 30 days to file written argument on his own behalf. That time has passed, and he has not filed a brief.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436. The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When specific issues are raised by the appellant himself in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124.) Here, Daniel did not file a supplemental brief raising any issues.

Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel provided the court with information as to issues that might arguably support an appeal. Counsel questioned whether there was sufficient evidence to support the juvenile court's finding Daniel violated the terms of his probation and whether the allegation that Daniel possessed a handgun "on or about September 1, 2013," gave Daniel adequate notice for due process purposes.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders,* and found no arguable issues on appeal. The judgment is affirmed.

PROCEDURAL HISTORY

On October 19, 2009, a petition was filed alleging that on December 17, 2008, then 14-year-old Daniel violated Penal Code section 415, subdivision (1),[1] by disturbing the peace, a misdemeanor. On November 9, 2009, the court placed Daniel on

_____

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

informal probation for a period not to exceed one year under Welfare and Institutions Code section 654.

On November 9, 2010, the juvenile court sustained all the allegations and enhancements on a second petition. The second petition alleged two counts of gang-related vandalism in violation of sections 186.22, subdivision (d), 594, a felony (counts 1 and 4); one count of conspiracy to commit criminal threats in violation of section 136.1, subdivision (c)(2), a felony (count 2); one count of conspiracy to dissuade a witness in violation of sections 182, subdivision (a)(1), 422, a felony (count 3), and an allegation that Daniel committed the offenses in counts 2 and 3 for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b). The court found the maximum period of confinement to be a life sentence. The court declared Daniel a ward of the court and committed him to juvenile hall or other appropriate facility for 180 days with credit for 119 days previously served. The court placed Daniel on probation under various terms and conditions. The court dismissed the allegations in the first petition on the People's motion.

On March 21, 2011, the juvenile court sustained a third petition. The third petition alleged two counts of disobeying a gang injunction in violation of section 166, subdivision (a)(9), a misdemeanor. The court found the maximum term of confinement to be eight months. The court continued Daniel on probation under the same terms and conditions, including a condition he serve an additional six days in juvenile hall.

The juvenile court sustained a fourth petition on August 2, 2011. The fourth petition alleged one count of disobeying a gang injunction in violation of section 166, subdivision (a)(9), a misdemeanor. The court found the maximum term of confinement to be six months. The court continued Daniel on probation under the same terms and conditions, including a condition he serve an additional 25 days in juvenile hall.

The juvenile court sustained a fifth petition on October 3, 2011. The fifth petition alleged three separate violations of probation. The court continued Daniel on probation under the same terms and conditions, including a condition he serve an additional 90 days in juvenile hall.

The juvenile court sustained a sixth petition on November 7, 2011. The sixth petition alleged one count of giving false information to a peace officer in violation of section 148.9, subdivision (a), a misdemeanor and one count of minor in possession of alcohol in violation of Business and Professions Code 25662, subdivision (a). The court found the maximum term of confinement to be six months. The court continued Daniel on probation under the same terms and conditions.

The juvenile court sustained a seventh petition on April 12, 2011. The seventh petition alleged five separate violations of probation. The court continued Daniel on probation under the same terms and conditions including a condition he serve an additional 30 days in juvenile hall.

The juvenile court sustained an eighth and a ninth petition on July 16, 2012. The eighth petition alleged a violation of probation. The ninth petition alleged one count of disobeying a gang injunction in violation of section 166, subdivision (a)(10), a misdemeanor. The court found the maximum term of confinement on the ninth petition to be six months. The court continued Daniel on probation under the same terms and conditions including a condition he serve an additional 60 days in juvenile hall.

The juvenile court sustained a 10th petition on June 6, 2013. The 10th petition alleged eight separate violations of probation. The court continued Daniel on probation under the same terms and conditions including a condition he serve an additional 60 days in juvenile hall.

An 11th petition was filed on September 18, 2013. It is this petition that forms the basis for Daniel's appeal. The 11th petition alleged Daniel violated the terms of his probation by testing positive for THC on or about August 13 and 27, 2013 (first

4

violation); failing to attend school on August 26 and 30 and September 2 through 6, 2013 (second violation); violating curfew on September 1, 2013 (third violation); possessing a handgun on or about September 1, 2013 (fourth violation); spending the night away from home without permission on or about September 2, 3, 4, and 6, 2013 (fifth violation); and failing to inform the probation officer of a new address on or about September 13, 2013 (sixth violation).  A probation violation hearing began on February 5, 2014.  The prosecution elected to proceed on violations 3 through 6 only.  On February 6, 2014, the juvenile court found true the allegations Daniel had violated probation as alleged in the third, fourth, and fifth violation.

The court dismissed the remaining counts on the People's motion.  The court ordered Daniel be continued as a ward of the court.  The court ordered all prior terms and conditions of probation to remain with the additional condition Daniel serve 120 days in juvenile hall or other appropriate facility.  Daniel filed a timely notice of appeal.FACTS

Deputy Probation Officer Anthony Spranger testified he re-indoctrinated Daniel on August 27, 2013, regarding the terms and conditions of his probation, including the following:  that he not possess any weapons; not be out of the house between 8:00 p.m. and 5:00 a.m.; not spend the night away from home without permission; and notify probation of any change in his address or telephone number within 48 hours of the change.  Spranger went to Daniel's last known residence on September 13, 2013, and Daniel was not there.  Spranger left a business card advising Daniel to report to probation on September 17, but Daniel never reported.

Daniel's mother testified that on the evening of September 1, 2013, she was at home with Daniel.  Daniel left the house and then she heard shooting.  When she ran outside, her son told her to go back inside because "they" were shooting at him.  As she watched her son walk away, she observed something in his hand.  She denied telling

5

the police that night the object in Daniel's hand was a black, small-sized handgun. Daniel did not return to the house for some days.

Luis Santaella testified he was currently employed as an investigator for the Los Angeles County District Attorney's Office and had previously been employed as an Anaheim police officer. On September 1, 2013, while working as an Anaheim police officer he responded to a shots fired call near Daniel's home. After responding to the location, Daniel's mother approached him. She told him that her son had run off, apparently because some people were chasing him. She heard gunshots and went outside. She observed her son pulling what looked like a small caliber handgun out of his pants. She tried to get the gun away from him, but he took off running.

Anaheim Police Officer Jamie Pietras testified he spoke with Daniel at the police station on September 5, 2013, regarding an incident on September 1, 2013. Prior to speaking to Daniel, the officer read him his *Miranda* rights.[2] Daniel indicated he understood his rights. Daniel was asked about a nine-millimeter handgun. Daniel said he possessed a nine-millimeter handgun for his protection shortly after an incident on September 1, 2013, when he was shot at by rival gang members. Daniel indicated he possessed the gun for several weeks before giving it to someone else.

DISCUSSION

The fact counsel filed the opening brief under *Wende* confirms he does not believe the issues he listed are arguable. When specific issues are raised by the appellant himself in a *Wende* brief, we must expressly address those issues in our opinion. (*Kelly, supra,* 40 Cal.4th at pp. 110, 120, 124.) In this case, Daniel did not file a supplemental brief. We have also reviewed the record in accordance with our obligations under *Wende* and *Anders* and considered the issues listed by counsel. We find no arguable issues on appeal.

---

[2] *Miranda v. Arizona* (1966) 384 U.S. 436.

## DISPOSITION

The judgment is affirmed.


                                    O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.